IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER W.,[1]

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:20-cv-01632-JR

OPINION AND ORDER

RUSSO, Magistrate Judge:

Plaintiff Christopher W. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. All parties have consented to allow a Magistrate Judge enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Plaintiff, Christopher W., applied for disability insurance benefits alleging disability beginning December 20, 2016. Tr. 166-67. The agency denied the claim both initially and upon reconsideration, and plaintiff requested a hearing. Tr. 104-08, 113-18. He appeared for a hearing before ALJ Robert Spaulding on December 12, 2019. Tr. 34-74. On January 22, 2020, the ALJ issued a decision denying plaintiff's benefits claim. Tr. 10-33. Plaintiff requested review of the hearing decision, which the Appeals Council denied in July 2020. Tr. 1-6, 160-62. So the ALJ's decision became the final decision of the agency from which plaintiff seeks review.

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party in this case.

Page 1 – OPINION AND ORDER

Born in 1970, plaintiff was forty-seven years old on December 31, 2017, the date last insured. Tr. 26. He has a high school diploma. *Id.* He is a Gulf War Veteran who served in the U.S. Army from 1989 to 1992. Tr. 277. He later worked on military bases in Afghanistan as a defense contractor from 2005 through 2009 and as a data analyst from 2009 through 2010. Tr. 44, 46-47.

At the hearing on December 12, 2019, plaintiff alleged disability because of acute spasms with "acute onset extreme pain," particularly in his lower back. Tr. 58. He also reported he could not work during the relevant period due to posttraumatic stress disorder, worsening depression, and difficulty dealing with the public. Tr. 20-21, 61-62. He reported that, on an average day, he would wake up early, get his four- and six-year-old daughters ready and take them to school, and then rest until he picked them up from school Tr. 63. He reported he would do short spurts of housework interrupted by rest, and would garden a little bit. Tr. 63.

The ALJ agreed that plaintiff was limited to some extent by these symptoms, and accounted for his physical impairments, including lumbar and cervical degenerative disc disease and pruritus, by restricting him to indoor work and including limitations in the residual functional capacity related to lifting, carrying, climbing, posture, and exposure to extreme heat. Tr. 20, 24. The ALJ also accounted for plaintiff's mental health impairments by limiting him to simple tasks and restricting his social contact to only occasional interaction with coworkers and the public. Tr. 20, 26. Plaintiff challenges these conclusions on appeal.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989) (citation omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (citations omitted). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986) (citations omitted). To meet this burden, the claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. § 416.920). First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 416.920(a)(4)(i), (b). If so, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i), (b).

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 416.920(a)(4)(ii), (c). If the claimant does not have a severe impairment, she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii), (c).

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*,

482 U.S. at 140-41 (citing 20 C.F.R. § 416.920(d)). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv), (f). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141-42 (citing 20 C.F.R. § 416.920(e)).

At step five, the Commissioner must establish that the claimant can perform other work existing in significant numbers in the national or local economy. *Yuckert*, 482 U.S. at 142; 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity during the relevant period. Tr. 15. At step two, he found that the following severe, medically determinable impairments existed during the relevant period: posttraumatic stress disorder ("PTSD"), persistent depressive disorder, generalized anxiety disorder, lumbar degenerative disc disease, cervical degenerative disc disease, and pruritus with mild excoriation of arms and legs. Tr. 15. At step three, the ALJ found no impairment that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18.

> The ALJ further found that plaintiff has the residual functional capacity to perform:
>
> light work, as defined in 20 CFR 404.1567(b), with the following additional limitations. He is limited to frequent climbing of ramps and stair and occasional climbing of ladders and scaffolds. He is limited to frequent stooping, kneeling, crouching, and crawling. He shall have no exposure to extreme heat and should be limited to indoor occupations. He is limited to simple, routine tasks consistent with a reasoning level of two and unskilled work as defined by the Dictionary of

Page 4 – OPINION AND ORDER

>Occupational Titles (DOT). He is limited to occasional interaction with coworkers and the public.

*Id.* at 20. At step four, the ALJ found that plaintiff was unable to perform his past relevant work during the relevant period. Tr. 26. At step five, he found that plaintiff had retained the ability to perform the requirements of other jobs existing in significant numbers in the national economy during the relevant period. Tr. 26-27. The ALJ then concluded that plaintiff was not disabled under the Act during the relevant period. Tr. 28.

## DISCUSSION

Plaintiff argues that the ALJ erred in two ways: (1) he failed to give sufficient reasons to discount the lay witness statements of plaintiff and plaintiff's mother, and (2) he improperly rejected the opinion of Donna Naglich, Licensed Clinical Social Worker ("LCSW"). ECF 16 at 5. Because neither decision was error, the Court upholds the ALJ's opinion.

**I.    The ALJ Validly Discounted Plaintiff's and Lay Witness's Testimony**

The ALJ uses a two-step process to make credibility determinations of subjective symptom testimony that first evaluates the existence of an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the symptoms and, second, addresses the intensity, persistence, and limiting effects of the alleged symptoms based on an examination of the entire record. 20 C.F.R §§ 404.1529(a), (c)(l); 416.929(a), (c)(l); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

When a claimant's medically determined impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, the ALJ must provide "specific, clear and convincing reasons" for rejecting the claimant's testimony regarding the severity of her symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). A general assertion the claimant is not credible is insufficient;

Page 5 – OPINION AND ORDER

the ALJ must "state which ... testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In weighing a plaintiff's credibility, the ALJ may consider many factors, including: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony ... that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti*, 533 F.3d at 1039. But "subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added) (citation omitted)

### 1. The ALJ Validly Discounted Plaintiff's Subjective Complaints

Plaintiff first contends the ALJ erred by discounting plaintiff's subjective complaints about his symptoms and disability. When assessing the reliability of a claimant's allegations, an ALJ considers whether those allegations resemble the record. 20 C.F.R. § 404.1529(c). When substantial evidence supports the ALJ's assessment of a claimant's subjective complaints, the reviewing court must uphold the ALJ's conclusions even if the evidence is susceptible to more than one rational interpretation. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Put another way, this Court has to affirm when the ALJ provides clear and convincing

reasons for her findings. *Id.* This ALJ provided as much, so the Court upholds the ALJ's decision to discount plaintiff's complaints.

Plaintiff asserts the ALJ erred in discounting his testimony for two reasons: 1) by finding plaintiff's daily activities and employment history undermined his subjective testimony of symptoms; and 2) by rejecting plaintiff's testimony because it is not supported by the medical record and limited treatment history. ECF 16 at 12-13. Because the ALJ provided convincing reasons based on substantial evidence to discount plaintiff's symptom testimony, this Court must uphold his decision.

> a. *The ALJ Properly Relied on Plaintiff's Activity History to Discount Symptom Testimony*

The ALJ first considered plaintiff's activity level when considering his symptom allegations. Tr. 20, 23. An ALJ may discount a claimant's subjective complaints when they are inconsistent with his activities. 20 C.F.R. § 404.1529(c)(3); *Massanari*, 261 F.3d at 857. Here, plaintiff cared for two young children, performed yard work, prepared meals, maintained personal care, performed household chores, drove, walked, shopped, managed his finances, gardened, and reported the ability to pay attention "all day," complete tasks, follow instructions, and handle changes in routine. Tr. 20, 21, 23, 230, 232, 233, 234. He denied that anybody helped him care for his children. Tr. 230. Such extensive and routine activities reasonably stand at odds with plaintiff's complaints of disability due to pain, depression, pruritus, and social limitations, and it was rational for the ALJ to discount plaintiff's symptom testimony based on his activity history.[2]

---

[2] Plaintiff also challenges the ALJ's use of plaintiff's employment history to discount his subjective symptom testimony. He specifically argues that his work in Afghanistan was unique because he lived and worked on base, and he has been unable to sustain any other employment since. *See* ECF 16 at 9 (quoting Tr. 45-47, Tr. 50-54). The Court agrees that the ALJ ignored the distinctiveness of this on-base work, and simply relied on the fact plaintiff had "stable employment in the 2000s" to discount his subjective testimony about symptoms and difficulty finding a job. This is not a convincing reason to discount plaintiff's symptom testimony, and the Court finds this opinion to be baseless. Nevertheless, because the

Page 7 – OPINION AND ORDER

> b. *The ALJ Properly Relied on Medical Evidence to Discount Plaintiff's Symptom Testimony*

In his opinion, the ALJ agreed that plaintiff was limited to some extent by his impairments, and accounted for his physical and mental-health symptoms in the RFC determination. *See* Tr. 20, 24, 26. The ALJ reasonably discounted plaintiff's testimony concerning the severity of his symptoms, however, by relying on inconsistencies and gaps in the medical record. Because this was a convincing reason grounded in substantial evidence, the Court finds this was also a reasonable basis to discount plaintiff's symptom testimony.

The ALJ noted that plaintiff's treatment for his physical impairments during the relevant period was minimal. Tr. 22-23. This is a relevant consideration because the amount of treatment is "an important indicator of the intensity and persistence of [a claimant's] symptoms." 20 C.F.R. § 404.1529(c)(3); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). As the ALJ discussed, plaintiff complained of back pain beginning in the 1990s. Tr. 22. He experienced an exacerbation of pain in mid-2015 when imaging showed only mild findings. Tr. 22, 760-64. Plaintiff engaged in physical therapy that year, but the record shows no further treatment for back or neck pain until November 2017—despite an alleged onset date of December 2016. Tr. 22, 576-77. Though plaintiff complained of pain in late 2017, no physical abnormalities were noted upon examination and no treatment was recommended until further records could be reviewed. Tr. 22, 577. There is no indication that plaintiff provided the records or sought additional treatment over the next months. Tr. 22; *see also* Tr. 570-75 (later appointments without follow up for back pain). Plaintiff also required no prescription medication for his degenerative disc disease during the relevant period, and a subsequent MRI from 2019 showed no major change from prior imaging. Tr. 23,

---

ALJ had alternate, sufficient reasons to discredit both the lay and social worker testimony, it will not remand for further proceedings on this basis alone.

Page 8 – OPINION AND ORDER

1098. Ultimately, plaintiff's minimal pain treatment and minimal findings on examination reasonably undermine his allegations of disabling pain, and are substantial evidence which the ALJ reasonably relied on to discount his evidence of back pain.

The ALJ also considered plaintiff's treatment history for pruritus. Tr. 22-23. For example, plaintiff complained of itchy skin in January 2018, but reported Zyrtec "worked well" to alleviate his symptoms. Tr. 22, 573. He was given a prescription for Zyrtec, advised to avoid sun exposure, and directed to return if his symptoms became severe and exacerbated. Tr. 22, 574. He did not return until May 2018, and did not complain about pruritus at that time. Tr. 570. And while plaintiff complained of limitations related to pruritus in a compensation and pension examination in August 2017, he made no such complaints in November 2017. Tr. 22-23, 576. Again, plaintiff underwent sporadic treatment and had success with medication to treat his pruritus. Both data points are substantial evidence the ALJ reasonably relied on to discount plaintiff's testimony.

The ALJ also considered the extent of plaintiff's treatment for his mental health conditions. Tr. 24. For example, the ALJ noted that plaintiff sought sparse mental health treatment during the relevant period: specifically, plaintiff sought treatment in November 2017—again, about one month before the expiration of his date last insured. At one appointment, he requested to restart medication because it was helpful for his mood. Tr. 24, 576. He also engaged in counseling in November 2017 due to anxiety and situational stress arising from his divorce. Tr. 24, 593-97. A mental status examination from that period showed an anxious mood, but otherwise produced unremarkable findings. Tr. 24, 595-96. Thereafter, plaintiff generally denied most, if not all, symptoms of depression. Tr. 24, 602-09. The ALJ specifically pointed to "infrequent treatment," "sparse mental health treatment," "lack of medication," and effective management with medication as reasons to discount plaintiff's subjective complaints. Tr. 21, 22-23, 24. Because the ALJ's

reasoning is specific, convincing, and supported by substantial evidence in the record, the Court must accept the decision to discount plaintiff's symptom testimony on this basis as well.

In sum, the ALJ provided valid reasons to discount plaintiff's subjective symptom allegations. Even though the Court found error in the ALJ's reasoning regarding plaintiff's employment history, that does not warrant remand if "the ALJ's remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (citation omitted). The ALJ reasonably relied on plaintiff's activity and medical history to discount plaintiff's subjective symptom testimony, and therefore this Court upholds the ALJ's decision on these grounds.

### *2. The ALJ Validly Discounted Plaintiff's Mother's Testimony*

The ALJ also considered the lay witness statement of plaintiff's mother, and chose to give it little weight. Tr. 19, 282. The Ninth Circuit requires an ALJ to give only germane reasons for discounting lay witness statements. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Joseph M. R. v. Comm'r of Soc. Sec.*, 2019 WL 4279027, at *11 (D. Or. Sept. 10, 2019)

The ALJ's analysis satisfies the "germane reasons" threshold. First, the ALJ acknowledged that plaintiff's mother's statement "generally mirrors" plaintiff's own reports of pain, limitations, and activities of daily living. Tr. 21. Second, the ALJ found that plaintiff's mother's statements were neither generally persuasive nor entirely consistent with the record evidence "for the same reasons as those discussed … with respect to the claimant himself." Tr. 21. The ALJ therefore

satisfied his minimal obligation, and because the ALJ's decision is supported by substantial evidence, which provides adequate basis to discount plaintiff's and the lay witness's recounting of his symptoms, the Court upholds the ALJ's determination, and finds the ALJ did not err by giving this evidence little weight.

## II. The ALJ Reasonably Found Donna Naglich's Opinion Unpersuasive

Because plaintiff filed his claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id.* at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id.* at (c)(1)-(2). The ALJ properly considered these factors in evaluating the opinion of Donna Naglich, LCSW.

The ALJ may, however is not required, to explain how other factors were considered including the relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id.* at (b)(2), (c)(3)-(5). *But see id.* at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single medical source provides multiple opinions or findings, the ALJ

Page 11 – OPINION AND ORDER

conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id.* at (b)(1). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ discounted Ms. Naglich's opinion because it was not entirely consistent with or supported by the record evidence. Tr. 25. Ms. Naglich assessed severe limitations in many domains, including interpersonal relatedness, understanding, and following instructions, retaining instructions, and completing a normal schedule without excessive absences. Tr. 460-62. But her evaluation was minimal with no indication of any objective testing to evaluate plaintiff's memory, concentration, persistence, or pace. Tr. 25, 455-62. Instead, she merely observed plaintiff's mood, affect, orientation, and cooperativeness. Tr. 25, 460. The ALJ reasonably concluded that Ms. Naglich's mere observation of a dysphoric mood and flat affect did not support the severe limitations she assessed.

Given Ms. Naglich's minimal recorded observations, the ALJ reasonably concluded that her opinion was based primarily on plaintiff's subjective reports on symptoms, work history, college attempts, and recent homelessness. Tr. 25. But plaintiff's reports conflicted with the record. Tr. 25. As developed in Section I above, the ALJ provided many valid reasons to discount plaintiff's subjective symptom allegations, and these inconsistencies apply with equal force to Ms. Naglich's conclusions.

Finally, the ALJ concluded that Ms. Naglich's opinion on social functioning was neither supported by her own objective observations nor consistent with the record evidence. Tr. 25. Ms. Naglich concluded that plaintiff was severely limited in working with coworkers, supervisors, or the public. Tr. 460-61. But on examination with Ms. Naglich, plaintiff was cooperative. Tr. 25,

459. And on mental status examinations before and during the relevant period, plaintiff presented cooperatively, with few abnormal findings. Tr. 18, 24, 25, 591-92 (normal), 595-96 (anxious but otherwise normal). Noting this inconsistency, the ALJ reasonably concluded that Ms. Naglich's opinion was neither well supported nor in line with the record evidence. Because the ALJ's reasoning is supported by substantial evidence, his decision to discount Ms. Naglich's opinion is likewise affirmed.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 7th day of October, 2021.

                                                /s/ Jolie A. Russo
                                                       Jolie A. Russo
                                       United States Magistrate Judge